**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
SHERMAN DIVISION**

| | | |
|---|---|---|
| **AVANTI BY AVANTI, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-00381-ALM |
| | § | |
| **AMY TEDDER,** | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF AVANTI BY AVANTI, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE ARGUMENTS/EVIDENCE (DKT. 10)**

TO THE HONORABLE COURT:

Plaintiff Avanti by Avanti, LLC submits this response in opposition to Defendant's *Motion to Strike Arguments/Evidence Inconsistent with Judicial Admission by Plaintiff that it Sold Defendant the Diamond* (hereinafter "Motion to Strike"), and respectfully requests the Court to deny the Motion to Strike.

1.   In her Motion to Strike, Defendant contends that statements made in Plaintiff's original complaint, now amended, regarding the entity that sold the ring to Defendant are binding judicial admissions, and therefore any arguments and evidence that are inconsistent with those statements should be stricken. Dkt. 10.

2.   Because Plaintiff timely amended its original complaint, Dkt. 12, Defendant's foregoing arguments are now moot. *See Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, No. 06-4350, 2008 U.S. Dist. LEXIS 86286, at *33 (E.D. La. Oct. 24, 2008) ("When a party has amended a pleading, allegations and statements in earlier pleadings are not considered judicial admissions (quoting *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 736 (7th Cir. 2002)); *see also Kirk v. Head*, 137 Tex. 44, 152 S.W.2d 726, 729 (Tex. 1931), *superseded on other grounds by* Tex. R.

Evid. 801(e)(2) ("…when a pleading has been abandoned, superseded, or amended, it ceases to be a judicial pleading, and therefore ceases to be a judicial admission.").

3.     Here, Plaintiff timely amended its petition on June 26, 2018. *See* Dkt. 12. The Amended Complaint clearly states that "By Avanti out of Georgia, had sold the ring to Ms. Tedder in 2012…" Dkt. 12, p. 3, ¶ 7. The statement in the Amended Complaint is consistent with Plaintiff's arguments and evidence that Defendant seeks to strike. Dkt. 10, p.2, ¶ 4. Therefore, the Motion to Strike is now moot. *See DeVore v. Lyons*, No. 3:16-cv-01083-BN, 2016 U.S. Dist. LEXIS 147306, at *16 (N.D. Tex. Oct. 25, 2016)

4.     Defendant further alleges that pursuant to the Court's May 25, 2018 order ("Order"), Plaintiff only had until June 25, 2018, to file an Amended Complaint. Dkt. 10.

5.     Contrary to Defendant's allegation, the Court's Order clearly states that "[in] the event that Plaintiff files a timely motion for remand, the deadlines set forth in this order are suspended pending resolution of the motion." Dkt. 3. Because Plaintiff timely filed a Motion to Remand on June 20, 2018, Dkt. 6, the deadlines set forth in the Order were suspended on that date, and remain suspended while the Motion is pending.

6.     Furthermore, the Court has already denied Defendant's TCPA Motion to Dismiss andfor Attorneys' Fees, Costs and Sanctions (Dkt. #4) as moot based on Plaintiff's First Amended Petition, Dkt. 13, and therefore Plaintiff requests that the Court likewise deny Defendant's Motion to Strike.

WHEREFORE, Plaintiff requests that the Court deny Defendant Amy Tedder's Motion To Strike (Dkt. 10), and enter the attached form of Order.

3

DATED this 10th day of July, 2018.  Respectfully submitted,

By: /s/William Chu
William Chu
Texas State Bar No. 04241000
Law Offices of William Chu
4455 LBJ Freeway, Suite 1008
Dallas, Texas 75244
Telephone: (972) 392-9888
Facsimile: (972) 392-9889
wmchulaw@aol.com
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2018, I filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to all counsel of record.

/s/ William Chu
William Chu