## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**AVANTI BY AVANTI, LLC**

       *Plaintiff,*

  **v.**

**AMY TEDDER**

       *Defendant.*

**CIVIL ACTION NO. 4:18-cv-00381-ALM**

---

### PLAINTIFF'S RESPONSE TO DEFENDANT AMY TEDDER'S RENEWED TCPA MOTION (DKT. 19)

**TO THE HONORABLE COURT:**

COMES NOW, Avanti by Avanti, LLC (hereafter "Avanti By Avanti" or "Plaintiff"), and files this response to 'Defendant Amy Tedder's Renewed TCPA Motion for Attorneys' Fees, Costs, and Sanctions Due to Plaintiff's Original Petition and to Dismiss and for Attorneys' Fees, Costs, and Sanctions as to Plaintiff's Amended Petition' (Dkt. 19) (hereinafter "Defendant's Motion"). Plaintiff respectfully requests that the Court (1) deny Defendant's Motion, (2) find that Defendant's motion to dismiss is frivolous or solely intended to delay, and (3) award Plaintiff court costs and reasonable attorney's fees.

**Table of Contents**

**TABLE OF AUTHORITIES** ............................................................................................... 3

**STATEMENT OF THE ISSUES/SUMMARY OF THE ARGUMENT** ................................. 4

**FACTUAL BACKGROUND** ............................................................................................... 8

**LAW AND ANALYSIS** ...................................................................................................... 14

   **A. The Fifth Circuit Court of Appeals Has Presumptively Neutered the Effect of TCPA Motions in Federal Court By Not Determining if the Act Applies in this Context** ........... 14

   **B. Defendant Tedder Failed to Show By a Preponderance of the Evidence that the Legal Action Filed by Plaintiff is Based on, Relates to, or is in Response to the Party's Exercise of the Right to Free Speech; the Right to Petition; or the Right to Association.** ............... 14

      **1.   Defendant has failed to show by a preponderance of the evidence that her pre-suit communications are protected by TCPA.** ......................................................................... 15

      **2.   Plaintiff Avanti By Avanti's Request for Declaratory Relief on Whether a Valid Contract Existed is Not Considered a "Legal Action" Under the TCPA.** ..................... 20

   **C. Plaintiff Also Has Produced Clear and Convincing Evidence that Supports a Prima Facie Case or a Basis for filing its Declaratory Judgment Action.** .................................... 21

**CONCLUSION AND PRAYER** ................................................................................................ 25

## TABLE OF AUTHORITIES

**Statutes & Rules**

Tex. Prac. & Rem. Code § 27.001-27.009……………………………….......6,13,15,16,17,19,26

Tex. Civ. Prac. & Rem. Code § 37.001-37.004 …………………………......10,11,14,22,24

Tex. Evid. R. 408…………………………………………………………………………..12

**Cases**

Apple Tree Café Touring, Inc. v. Levatino, No. 05-16-01380-CV, 2017 Tex. App. LEXIS 7405, at *1 (App. Aug. 3, 2017)…………………………………………………………..18,19

Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995))……………………………..22

Cosmopolitan Condo. Owners Ass'n v. Class A Inv'rs Post OAK, LP, No. 01-16-00769-CV, 2017 Tex. App. LEXIS 3834 * 11 (App. Apr. 27, 2017)………………………………………..22

Craig v. Tejas Promotions, LLC, 2018 Tex. App. Lexis 3126 *27-28 (Tex. App.—Austin 2018)………………………………………………………………………… 14,20

Culbertson v. Lykos, 790 F.3d 608, 631 (5th Cir. 2015)…………………………………...6,12,13

Dolcefino v. Cypress Creek EMS, 540 S.W.3d 194, 201-203 (Tex. App. 2017)……………….8,15

Holcomb v. Waller Cty., No. 01-16-01005-CV, 2018 Tex. App. LEXIS 1912 (App. Mar. 15, 2018)……………………………………………………………………………...……8,18

Levatino v. Apple Tree Café Touring, Inc., 486 S.W.3d 724, 729 (Tex. App. 2016)……..16,17,18

NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C., 745 F.3d 742, 753 (5th Cir. 2014)………………8,15

United Mine Workers v. Illinois Bar Assn., 389 U.S. 217, 225 (1967)………………...…….19

**STATEMENT OF THE ISSUES/SUMMARY OF THE ARGUMENT**

First and foremost, Plaintiff shows the Court that Defendant Tedder's, now second, TCPA Motion to Dismiss is frivolous or solely intended to cause delay. Defendant misconstrues the law regarding TCPA dismissals, misstates the holdings of several Texas courts, cites to cases unrelated to the Texas Civil Participation Act, and ignores clear and established Texas law. Furthermore, Defendant argues that "Plaintiff initiated its declaratory lawsuit against the Defendant . . . to create artificial settlement leverage by attempting to force the Defendant into litigating . . . in a jurisdiction where her retained attorney is not licensed to practice." Dkt. 19 at 1. The foregoing argument is groundless in light of the fact that the parties of this suit (including those not yet served with process) are (1) Plaintiff, a Texas company, (2) Defendant, a resident of North Carolina, (3) Third Party Defendants Paul Chan and Timothy Lee, who are Texas residents according to Defendant's own counter/cross claims (Dkt. 5), yet the signature line of Defendant's Motion indicates that her retained attorney is not licensed to practice in Texas or North Carolina.[1] Therefore, regardless of whether this suit was filed in Texas or North Carolina, where Defendant alleges the transactions that are the subject of her counter/crossclaims occurred, Defendant's retained attorney would still not be licensed to practice in those jurisdictions.

---

[1] The signature of Defendant's attorney shows that he is licensed to practice in Tennessee, Illinois and Florida.

Furthermore, Plaintiff has repeatedly made clear to the Defendant that it is not the entity that sold Defendant the diamond ring,[2] yet Defendant continues to allege that Plaintiff's lawsuit was initiated "to force the Defendant into litigating far from home, in Texas state court . . ." Dkt. No. 19 at 1. Because Plaintiff is not the entity that sold the ring to Defendant, Plaintiff's lawsuit does not, and cannot, force Defendant into litigating her claims far from home because Defendant's claims are based on the sale of the ring, which she purchased from a different Georgia-based entity. *See* Dkt. No. 5; Dkt. No. 9-6. Therefore, Defendant is free to litigate those claims outside of this lawsuit, to the extent the law permits. It is not Plaintiff whose claims are based on, related,  or in response, to Defendant's exercise of her protected rights, but rather Defendant's counter/crossclaims that are in retaliation of Plaintiff's clear exercise of its right to file its petition and amended petition in this case. Because Defendant continues to ignore the facts and the relevant law in this case, her motions to dismiss are frivolous and Plaintiff is entitled to its attorney's fees and court costs pursuant to Texas Civil Practice and Remedies Code § 27.009(b).

Now, as Plaintiff will show, Defendant Amy Tedder's various activities in the state of Texas and her misleading claims, or outright confusion, regarding corporate entities formed in both Georgia and Texas, necessitated Avanti By Avanti's filing of a request for declaratory judgment with a Texas Civil District Court to determine if Avanti By Avanti entered into any type of diamond repair contract with Tedder in the state of Texas in the years 2014 through 2016 (Dkt. 12). The same petition for declaratory relief also seeks to determine whether any jewelry repairs performed by Plaintiff Avanti By Avanti LLC pursuant to any such contract resulted in

---

[2] Dkt. No. 12 ¶ 7 ("Another entity, known as By Avanti out of Georgia, had sold the ring to Ms. Tedder in 2012 and handled most of the repairs on the ring through the year 2014."); Dkt. No. 6 at 4 ("Defendant Tedder acquired a diamond ring from a Georgia-based entity, known as By Avanti, LLC."); Dkt. No. 9 at 5; Dkt. No.9-1 (Affidavit), 9-2 (Avanti By Avanti LLC's Certificate of Formation), 9-6 (sales receipt); Dkt. No. 22.

approximately $900 to $1.800.00 dollars in damages due to the breach of any existing duty on Plaintiff's part.

Obscuring this matter for the Court is Tedder's ongoing confusion—either by design or mistake—as to what corporate entity is alleged to have sold Defendant Tedder a diamond ring in 2012, and what business entity is accused of conducting repairs that harmed the ring, diminishing its value. Tedder is attempting to mislead the parties and the Court, itself, to gain traction on an unwarranted Motion to Dismiss by erroneously suggesting that Avanti By Avanti is seeking unnecessary relief by filing a petition for declaratory judgment on an issue that relates specifically to complaints and communications stemming from a Georgia company's sale of a diamond to Defendant, Amy Tedder, six years ago. In fact, Plaintiff, Avanti By Avanti, is not the corporate entity that sold a ring to Tedder in 2012, as evidenced by the sales invoice and public records produced (Ex.'s B, E); therefore, Plaintiff's request for relief does not rise out of the controversy alleged by Defendant or any statements made in relation to that specific controversy regarding the appraisal of the original ring.

Upon receiving acknowledgement and a response from the Law Offices of William Chu on behalf of Plaintiff Avanti By Avanti in Texas regarding the various accusations levied at the Plaintiff, the law firm representing Amy Tedder should have conducted a thorough analysis of Avanti By Avanti's registration in Texas, and deciphered more clearly what corporate entities would, in fact, be part of any dispute. Furthermore, the only Plaintiff listed in the 68th Civil District Court petition for relief is Avanti By Avanti, which clearly appears on the face of the petition as a Texas company. Yet, Tedder appears to continue to conflate this firm with another entity that operated out of Georgia in 2012, and which reportedly sold the ring in question.

The seller of the ring is alleged to be a Georgia-based firm, named 'By Avanti, LLC'. This is a different name and company when comparing state documents regarding the firm's existence to that of Plaintiff, Avanti By Avanti. Avanti By Avanti is merely exercising its right in the state of Texas to determine whether an actual contract for repairs was formed between the Texas company, Avanti By Avanti, and Tedder in the time period of June 2014 through 2016. Plaintiff also seeks to determine what duties if any were breached under any such contract, causing possible damages.

Avanti By Avanti's request for declaratory judgment revolves solely around contractual issues related to the ring's repair in and around 2016 and any rights or obligations that Avanti had under Texas law. (Dkt. No. 9-1, incorporated herein and attached hereto as Declaration of Tim Lee). Avanti By Avanti has every legal right to seek clarification on whether a contract was formed between the parties and for direction in ascertaining what legal duties and possible liabilities Avanti By Avanti possesses in Texas.

As has been noted by appellate courts, a TCPA claim cannot be utilized to simply dismiss a declaratory judgment action when the party filing the request for declaration is merely utilizing a remedy to determine the scope of its own duties. *See generally*, *Dolcefino v. Cypress Creek EMS*, 540 S.W.3d 194, 201-203 (Tex. App. 2017).

But before even going that far, it is important to note that the U.S. Fifth Circuit Court of Appeals has yet to recognize the applicability of TCPA dismissal actions in federal court. *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015) (citing *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 753 (5th Cir. 2014)). Without such clarification on that issue, any ruling to dismiss should be presumed invalid without precedential case law on point. Even though Movant cites *Holcomb v. Wallter Cty.*, as proof that an appellate court has dismissed a declaratory

judgment action under TCPA, the case, in fact, turned on the Plaintiff's lack of standing to bring the action, and the decision is now up on appeal, making it not definitive or applicable to this particular matter. *Holcomb v. Waller Cty.*, No. 01-16-01005-CV, 2018 Tex. App. LEXIS 1912 (App. Mar. 15, 2018).

Furthermore, Defendant Tedder has failed to meet each and every element required by a preponderance of the evidence to effectuate the dismissal of a cause of action under TCPA; therefore, Defendant's Motion for Dismissal and Sanctions pursuant to the TCPA should be denied in full.

Plaintiff also presents clear and convincing evidence that Avanti By Avanti has a prima facie case for pursuing the declaratory judgment on file. This is especially apparent when Defendant in the first two paragraphs of her own counter/cross claims names the Georgia-based company 'By Avanti' as the Counter-Defendant on Tedder's claims arising out of her alleged free speech on public concerns. (Dkt. 5, at ¶ Intro; 1).  Yet, 'By Avanti' is not a Texas entity; it is an entity that formed and operated in Georgia. More importantly, "By Avanti" is not the Plaintiff— yet Tedder names this company as the counter-Defendant in Texas. (Ex. B). Meanwhile, Texas-based Avanti By Avanti pursuant to its request for declaratory relief is still trying to determine the following: 1) If and what contract Tedder claims to have with the Texas-based company, Avanti By Avanti, and from what year?; 2) And are there any duties, obligations, and damages owed by Avanti By Avanti, itself, under any such contract?

## FACTUAL BACKGROUND

A Georgia-based corporate entity, known as 'By Avanti, LLC', reportedly sold a diamond ring to Defendant, Amy Tedder, in the year 2012, as evidenced by an invoice showing the location of the seller. (Ex. E, Ex. B). At the time of the reported sale, which occurred outside the state of

Texas, the seller, 'By Avanti', was an active Georgia-based company. (Ex. B). The Plaintiff in this matter, Avanti By Avanti, was not formed in the state of Texas until June 2014. (Ex. A). Yet, Defendant Tedder appears to have suggested or caused confusion as to whether the Texas-based Avanti By Avanti sold Tedder the ring in 2012 and is liable for any alleged issues or controversies stemming from the transaction that occurred six years ago. However, in looking at Tedder's counterclaims in this action, she appears to identify the corporate Defendant as Georgia-based entity 'By Avanti', which is the only counter-defendant named in the first paragraph of her counter/crossclaim petition. (Dkt. 5, at ¶ Intro; 1). Once again, Tedder appears to be admitting to this court that her claims are against the Georgia-based entity, By Avanti, LLC, and any claims that she is currently raising in regard to the TCPA Motion to Dismiss relate specifically to matters involving 'By Avanti', not Texas-based Avanti By Avanti, which filed the petition for declaratory relief. 'By Avanti' in the counter/crossclaim is denoted as a Texas firm. However, this assertion alone supports Avanti By Avanti in its filing for a request for declaratory judgment to ascertain its rights and duties by contract in Texas, since Tedder has continued to remain unclear as to what corporate entities she is pursuing claims against.

Years after buying the ring in 2012, Tedder also accused Avanti By Avanti of wrongfully repairing the same ring and causing $900 to $1,800.00 in damages based on a gemologist report from the ring's insurer, AIG (Ex. D).  However, Avanti By Avanti did not form as a company until June 2014. And prior to that date, Tedder completed other work on the ring, including the installment of a chunky setting in early 2013, and the purchase of another setting in early 2014. (Ex. Declaration of Tim Lee). During these particular repairs or upgrades in 2013 and 2014, Avanti By Avanti was not an active corporate entity in Texas; and upon information and belief, Tedder was working with the Georgia-based By Avanti at the time of many of these repairs. *Id.*

In response to the claim that Avanti By Avanti damaged the ring, which is a separate and unrelated transaction from the reported sale of the ring in 2012, Avanti By Avanti is merely utilizing its right to petition this Court under Sections 37.001-37.004 of the Texas Civil Practice and Remedies Code[3] to gain clarification on two limited contractual issues: 1) Did Tedder after June 2014 form a valid contract with Texas-based Avanti By Avanti for repairs to a diamond ring?; and 2) Did any such repairs made any time after June 2014 by Texas-based Avanti By Avanti directly cause the $900 to $1,800 dollars in damages? (Ex. D-AIG Damage Report). In other words, is Avanti By Avanti a correct party to these transactions, or not? This is the basis of the request for declaratory relief filed at the district court level.

These questions are appropriate and part of Plaintiff's own constitutional right to petition a court to determine any legal and contractual rights that exist, as well as any affirmative duties, that remain unclear in relation to the Texas-based entity, Avanti By Avanti. To suggest, that Plaintiff's previously unpled claims against another corporate entity out of Georgia regarding the sale of the ring somehow usurps Avanti By Avanti's right to seek clarification on its own contractual rights and duties in relation to the diamond repairs is to misconstrue the purposes of the Texas Citizens Participation Act.

To allow Tedder to make these assertions without clarity as to the various corporate entities involved and their contractual duties is to suggest that a Plaintiff filing a demand letter can control the filing of litigation from that point forward by preventing parties from seeking a declaratory judgment on issues that remain uncertain under Texas law.

In this case, the main issue is Plaintiff's attempt to determine what obligations are specifically owed by Avanti By Avanti to Tedder, if any, from activities occurring after the

---

[3] Tex. Civ. Prac. & Rem. Code § 37.001-37.004 (LexisNexis, Lexis Advance through the 2017 Regular Session and 1st C.S., 85th Legislature).

formation of the Texas firm in June 2014. The amended petition filed by Avanti By Avanti also includes the question of whether a valid contract existed between these two parties for ring repairs? When analyzing the issues, the various entities involved, and the limited scope of the petition filed with the 68th Civil District Court, it becomes clear that Defendant Tedder is merely forum shopping and utilizing her ongoing confusion of the legal issues and business entities to attempt to dismiss a declaratory judgment action—even though this action is designed to assist the parties in determining what specific contractual duties were created in regard to the Texas-based Plaintiff, Avanti By Avanti.

Furthermore, Tedder is unable to establish each and every element required to obtain a Motion to Dismiss under the TCPA.

Any suggestion that the Anti-SLAPP Statute can be utilized to dismiss relief sought by a petitioner under Section 37.001 of the Texas Civil Practices and Remedies Code is in itself an abuse of the statute, particularly when the claims asserted against Avanti By Avanti are isolated from any 2012 allegations that Defendant Tedder claims to possess against the ring's Georgia-based seller, By Avanti. (Ex. B).  In fact, Tedder's ongoing inability to correctly ascertain the business entities involved and the location of the transactions is what prompted Avanti By Avanti to seek a declaratory judgment in the first place to determine the scope of its own contractual duties and legal relationship with Tedder.

Furthermore, Tedder has filed counter/crossclaims essentially proving that both parties have controversies before this Court; and this is an admission on Defendant's part that both parties have a right to seek out any affirmative relief, defenses, claims, or requests for declaratory judgment in which they are entitled by law. Tedder is essentially asking this Court to utilize the TCPA to accept one party's rights under the U.S. Constitution to petition a court for relief, while

an opposing party's rights—specifically, those of Plaintiff, Avanti By Avanti—are dismissed because Tedder is not pleased that an attempt to settle outside of court remained unfruitful.

If the Court were to accept Tedder's argument in this regard, the Court would have to conclude that the scope of TCPA claims is now so broad that parties who rely on Rule 408[4] Settlement conferences outside the courthouse to attempt to remedy controversies prior to litigation have effectively waived all protections from Anti-SLAPP motions. It also suggests that a party in Tedder's position, who fails to reach their desired settlement, can, in turn, utilize settlement conferences as 'statements made on matters of public concern' in support of dismissing a case under the TCPA, thereby waiving any rights, contractual remedies, defenses, or relief that the opposing party was entitled to either before or after the filing of the lawsuit. Nothing would chill free speech or the right to petition more than for a party seeking redress under the TCPA to effectively bar another party's claims and defenses by suggesting that communications during settlement conferences or in demand letters constituted speech on matters of public concern, thereby waiving the other party's right to pursue legal remedies or other relief when litigation ensues.

Ironically, Tedder has filed counterclaims in this cause of action. Under this theory, perhaps statements made by Tedder's own attorney, which were made prior to litigation under Rule 408, can also be used to suggest that Tedder's recently filed counterclaims are designed to simply chill Avanti By Avanti's right to speech—or its own right to petition a court for relief on its contractual rights and duties.

The intent of the Anti-SLAPP Statute is to prevent the filing of lawsuits that are designed to impede free speech or the right to petition on matters of public concern.[5] The law is not designed

---

[4] TEX. EVID. R. 408.
[5] Tex. Civ. Prac. & Rem. Code § 27.005.

to deprive parties who are at the center of a live controversy from having access to the courthouse or the right to exercise their own federally protected right to petition a court for declaratory relief on matters that lack clarity.

To succeed on an Anti-SLAPP Motion to Dismiss, Defendant has to prove that there is a "legal action" that is based on or relates to a protected activity.[6] As Avanti By Avanti has shown, Tedder claims the request for declaratory relief was filed because of Tedder's speech suggesting that Avanti By Avanti sold her a ring at an inflated appraisal value in 2012. Yet, as proven by documents on file with this Court, Texas-based Avanti By Avanti did not form until 2014 (Ex. A); and a Georgia-based entity reportedly sold the ring at the center of Defendant's dispute. (Ex. B, Ex. E). Avanti By Avanti, in turn, asked a state district court to determine if it formed a ring-repair contract with Tedder any time after June 2014. The company also asked the Court in its request for relief what duties and damages Avanti By Avanti, itself, may owe to Tedder, if any.

The dispute arising out of the 2012 ring sale, which is the basis of Tedder's counterclaims and her motion to dismiss, does not in fact relate to or arise out of Tedder's claims or speech against Avanti By Avanti—since this is not even the correct entity and the speech concerns 'By Avanti' out of Georgia.  As a result, Defendant fails this required element in satisfying the TCPA's dismissal requirements.

Finally, there is clear and specific evidence that Avanti By Avanti had a valid need and affirmative right to seek clarification from the Court under Section 37.002 of the Texas Civil Remedies and Practices Code[7]. Specifically, the Texas-based company needed to determine if a contract was formed between the parties. When given the opportunity, appellate Courts have ruled against the finding that declaratory judgments are "lawsuits" or "legal proceedings" where a

---

[6] *Id.*
[7] Tex. Civ. Prac. & Rem. Code § 37.002.

movant can simply use the TCPA to curve a Plaintiff's right to seek clarification on a substantive right. *See Craig v. Tejas Promotions, LLC*, 2018 Tex. App. Lexis 3126 *27-28 (Tex. App.—Austin 2018).

The declaratory judgment on file in this case does not intervene with Defendant Amy Tedder's interests, right to speak or right to petition any court — it deals only with Avanti By Avanti's right to seek clarification on what valid contracts and contractual duties, if any, were formed in Texas between Avanti By Avanti and Tedder.

## LAW AND ANALYSIS

### A. The Fifth Circuit Court of Appeals Has Presumptively Neutered the Effect of TCPA Motions in Federal Court By Not Determining if the Act Applies in this Context.

The relative newness of the TCPA makes it a law with minimal precedent. But to date, when given the opportunity to validate the use of TCPA dismissal actions in federal court, the U.S. Fifth Circuit Court of Appeals has punted on the issue, making such a dismissal presumptively invalid at law. The Fifth Circuit was clear on this point in *Culbertson v. Lykos*, holding that "[w]e have not specifically held that the TCPA applies in federal court, at most we have assumed without deciding its applicability." *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015) (citing *e.g.*, *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 753 (5th Cir. 2014)).

### B. Defendant Tedder Failed to Show By a Preponderance of the Evidence that the Legal Action Filed by Plaintiff is Based on, Relates to, or is in Response to the Party's Exercise of the Right to Free Speech; the Right to Petition; or the Right to Association.

To succeed in obtaining a dismissal under Section 27.005(b) of the Texas Civil Practices and Remedies Code[8], the moving Defendant must show that the Plaintiff's Request for Declaratory

---

[8] Tex. Civ. Prac. & Rem. Code § 27.005.

Judgment is related to, or was in response to, a party's exercise of free speech, right to petition, or right to association.

However, one major caveat upends the TCPA's power: The statute "[d]oes not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions, such as the Declaratory Judgment Act." *Dolcefino v. Cypress Creek EMS*, 540 S.W.3d 194, 194-196 (Tex. App. 2017).

### 1. Defendant has failed to show by a preponderance of the evidence that her pre-suit communications are protected by TCPA.

Each of Defendant's TCPA motions argue that Plaintiff's claims are based on, relate to, or in response to Defendant's (1) exercise of a right to petition, (2) exercise of a right to association, and (3) exercise of a right to free speech. Dkt. No. 19 at 9.

(a) <u>Right to Petition</u>

In her TCPA Motion, Defendant contends that Plaintiff's "Petition for Declaratory Judgment was filed in response to Tedder's retaining of a lawyer, notifying Plaintiff that she intended to petition the court system for damages against the Plaintiff, refusal to drop the issue, and/or rejecting Plaintiff's offer of settlement on December 13, 2017." Dkt. 19 at 13. Defendant claims that her pre-suit communications were exercises of her right to petition, and in making said claim she relies on the following definitions of the right to petition under TCPA: "(A) a communication in or pertaining to … a judicial proceeding; . . . (C) a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding; . . . (E) any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state." Dkt. No. 19 at 12 (citing Tex. Prac. & Rem. Code § 27.001(4)(A), (C), (E)). Not only does the Defendant's above-

mentioned allegation contradict clearly established Texas law that pre-suit communications between private parties are **not** protected by the TCPA right of petition , *see Levatino v. Apple Tree Café Touring, Inc.,* 486 S.W.3d 724, 729 (Tex. App. 2016), Defendant cites to inapplicable law to support her allegation, and even misconstrues the inapplicable law to support her frivolous allegations. *See* Dkt. No. 19 at 12-13.

In *Levatino v. Apple Tree Café Touring, Inc.*, Levatino, the TCPA movant, made the same argument as Defendant, that his pre-suit communications were protected by his right to petition under section 27.005(4)(A), (C), and (E) of the Texas Civil Practice and Remedies Code. 486 S.W.3d at 727. Levatino's pre-suit communications included demand letters sent to non-movant, which (i) asked that the non-movant preserve all documents and communications pertaining to the subject matter of the dispute, (ii) asked whether non-movant wished to consider a monetary resolution with Levatino before Levatino filed suit, (iii) asked that non-movant stop making negative statements about Levatino, and (iv) said that if non-movant didn't respond in 11 days, Levatino would sue. *Id.*; *c.f.* Dkt. No. 19 at 4-5, 13-14 (claiming that the following communications were protected by Defendant's right to petition: (1) Tedder's notice to Plaintiff "that she had hired a lawyer and intended to pursue legal action," (2) Tedder's "request for a refund (settlement) to resolve her legal claim(s)…" and (3) Tedder's rejection of "Plaintiff's Offer of Settlement"). The court in Levatino held that a judicial proceeding "is an actual, pending judicial proceeding." *Levatino*, 486 S.W.3d at 728 (citing Tex. R. Civ. P. 22[9] and Fed. R. Civ. P. 3[10]). Therefore, a communication is protected under TCPA § 27.005(4)(A) only if it pertains to an actual, pending judicial proceeding. *Levatino*, 486 S.W.3d at 728-729. The court held that the phrase "pertaining to" did not expand the definition to include anticipated or potential future judicial proceedings. *Id.*

---

[9] "A civil action is commenced by filing a complaint with the court." Tex. R. Civ. P. 22.
[10] "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

In response to Levatino's argument that prelitigation communications were protected under the third definition of the right to petition under the TCPA, *see* Tex. Civ. Prac. & Rem. Code § 27.005(4)(C), because said communications between private parties were reasonably likely to encourage judicial consideration or review, the court stated that Levatino's letters were not reasonably likely to encourage judicial consideration or review, rather they sought to avoid judicial review of the dispute. *Levatino*, 486 S.W.3d at 729. Finally, Levatino, like Defendant in the present case, argued that because a demand letter sent in anticipation of litigation is a legitimate and petition activity under the California anti-SLAPP statute, it should likewise be protected under the Texas statute. *Id.* The court pointed out that the California statute differs from the Texas statute because it includes the word "before" a legislative, executive or judicial proceeding in its definition, while Texas statute includes the word "in" instead of "before." *Id.* The court held that "… if the word "before" is intended to be synonymous with 'in,' then we disagree with the conclusion that, under the Texas statute, pre-suit demand letters are statements made 'before a judicial proceeding.'" *Id.*

Based on the foregoing, it is clear that Defendant's pre-suit communications are not protected under the TRCP.

Defendant, in support of its allegation that her pre-suit communications to Plaintiff were an exercise of her right to petition cites to cases that are clearly inapplicable or distinguishable from the present case. For example, Defendant cites to *Holcomb v. Waller Cty.*, 2018 Tex. App. LEXIS 1912, *11-12 (Tex.App. 2018), and claims that in *Holcomb* the court held that "TCPA applies where [plaintiff] filed its declaratory-judgment action against [defendant] in response to his letter to the County complaining about its courthouse signage." Dkt. No. 19 at 12. However, contrary to Defendant's assertion, *Holcomb* turned on the Plaintiff's lack of standing to bring the

action. *Id.* at \*12-13. Furthermore, *Holcomb* was decided based on a Tex. Gov't Code § 411.209, which implicitly contemplates that citizens may request political subdivisions to "cure the violation" about which the citizens complain, meaning that Holcomb exercised his right to petition because his letter was a communication that was reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding. *Id.* Therefore, the case is clearly distinguishable from the present case where the "protected communication" claimed by Defendant includes demands for payment, or rejection of settlement offers, to a private party, not the government.

(b) <u>Right of Association</u>

Finally, Defendant states: "[a]ssociating with an attorney to petition the court system for relief is clearly an exercise of the right of association." Dkt. No. 19 at 16. Defendant's foregoing allegation is not only unsupported by the relevant law, it has been expressly rejected by Texas courts. Association with an attorney to petition the court system is not an exercise of the right of association as a matter of law. *See Levatino*, 486 S.W.3d at 728 (holding that "a lawyer's adversarial communication to a third party on behalf of his client does not meet the statutory definition of exercising the right of association."). The right of association is defined as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." Tex. Civ. Prac. & Rem. Code § 27.001(2). Therefore, just like the court in Levatino stated that letters between Levatino and non-movant, were communications between adversaries and therefore did not meet the statutory definition of exercising the right of association, this Court should also find that communications between Defendant or her attorney, and Plaintiff's attorney were clearly not ***between*** persons who join together to collectively express, promote, pursue, or defend common interests.

Defendant again attempts to persuade the Court to grant her frivolous Motion by citing to an inapplicable case, which is not only clearly distinguishable from the present matter, it has nothing to do with the exercise of the right to association as defined by TCPA. *See* Dkt. 19 at 16 (citing *United Mine Workers v. Illinois Bar Assn.*, 389 U.S. 217, 225 (1967). Rather, *United Mine Workers v. Illinois Bar Assn.*, is a case to determine whether certain the a union of mine workers had a constitutionally protected first and fourteenth amendment right to hire attorneys on a salary basis to assist its members in the assertion of their legal rights. 389 U.S. 217, 221 (1967). The United Mine Workers case did not involve any communication, rather it was about the right of the union to retain an attorney for its members. Therefore the case is clearly inapposite.

(c) <u>Right of Free Speech</u>

Defendant claims that "Plaintiff's Petition arises from and regard an email communication by Defendant in August 2017, in which Defendant criticized a "good" or "product" (the Diamond) and a 'service' (Overgrading/Misrepresentation of Diamond and/or Negligent Setting/Repair of Diamond) [By Avanti LLC] offered in the marketplace." The email communication Defendant refers to is attached to Plaintiff's Amended Petition (Dkt. No. 9-4). The email that forms the basis of Defendant's allegation of her exercise of the right of free speech is essentially a letter demanding a refund (settlement). *See* Dkt. 19 at 4. Defendant argued that the email constitutes a matter of public concern because it relates to a good, product, or service in the marketplace. *Id.* at 15. However, even if Plaintiff's statements were not clearly made in reference to a particular transaction, rather than the goods, products, or services in the marketplace, and even if they weren't clearly motivated by a monetary interest in a refund and therefore unrelated to any matter of public concern (as opposed to her private interest), Plaintiff's request for relief does not arise out of the transaction or the controversy in which Tedder claims she is speaking out on as a matter of public

concern. Furthermore, Plaintiff's declaratory judgment action could not be a legal action based on, related to, or in response to Defendant's exercise of her right of free speech, because claims for declaratory relief, which merely are asserted to move the Court to recognize a substantive right, fall squarely outside the definition of legal action as far as the TCPA is concerned. *See Craig v. Tejas Promotions, LLC*, 2018 Tex. App. Lexis 3126 *27-28 (Tex. App.—Austin 2018).

### 2.    *Plaintiff Avanti By Avanti's Request for Declaratory Relief on Whether a Valid Contract Existed is Not Considered a "Legal Action" Under the TCPA.*

To dismiss a case under the TCPA, the moving party also has to show by a preponderance of the evidence that Avanti By Avanti filed a "legal action" that is based on or relates to the moving party's right of free speech on a matter of public concern. However, claims for declaratory relief, which merely are asserted to move the Court to recognize a substantive right, fall squarely outside the definition of legal action as far as the TCPA is concerned. *See Craig v. Tejas Promotions, LLC,* 2018 Tex. App. Lexis 3126 *27-28. In Craig v. Tejas Promotions, an appellate court found that under the TCPA, parties' requests for declaratory judgment are "merely concerns subsumed within those causes of action," and that the declaratory claims do not fit the definition of a legal action under the TCPA. Id. As a result, declaratory judgments that merely ask a court to enforce or recognize pre-existing rights under established law are not subject to dismissal pursuant to the TCPA. *See generally* id.

In this particular matter, Avanti By Avanti is not asking the Court to resolve the underlying causes of action, but rather to help it determine any rights or contractual duties formed in Texas for clarification. Because Avanti By Avanti is not even named as the business entity being sued by Tedder in paragraph one of the Defendant's cross claims (Dkt. 5, at ¶ Intro; 1), Avanti By Avanti's request for clarification makes sense, since the Texas company appears to have been left out as a party to the dispute by Tedder herself.

Declaratory judgments also fall well outside the scope of a TCPA dismissal action in Texas, because courts in these situations are only being asked to determine substantive rights belonging to the parties and any findings made by the Court do "not alter the underlying substantive rights of any party." Id. at *17. Rather, a request for declaratory relief is "remedial; its purpose is to settle and to afford from relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Id.

Given the uncertainty as to what entity—either Texas-Based Avanti By Avanti or Georgia-based By Avanti—performed the reported repairs to the ring that caused the alleged damages, Avanti By Avanti is justified in asking a Texas district court if the company, in fact, formed a valid contract with Tedder in the state of Texas to perform ring repairs. The fact that Tedder in her Motion to Dismiss and crossclaims focuses only on the Georgia-based entity, By Avanti, as the Defendant, further raises the question as to whether Avanti By Avanti is even a correct party to any disputes involving the diamond ring. Through a declaratory judgment, Avanti By Avanti can accurately assess its rights, duties, and contractual obligations in the state of Texas.

For the foregoing reasons, Plaintiff's declaratory judgment does not qualify as a legal action pursuant to the TCPA; therefore, the substantive rights attached to such an action cannot be dismissed pursuant to the Anti-Slapp Statute.

## C. Plaintiff Also Has Produced Clear and Convincing Evidence that Supports a Prima Facie Case or a Basis for filing its Declaratory Judgment Action.

A prima facie case is the minimum quantum of unambiguous, explicit evidence necessary to support a rational inference that the allegation of fact is true. *Apple Tree Café Touring, Inc. v. Levatino*, No. 05-16-01380-CV, 2017 Tex. App. LEXIS 7405, at *1 (App. Aug. 3, 2017).

The filed public documents, affidavit of Tim Lee, and the invoice from the sale of the ring in 2012 (Ex. A-E; Aff'd-Tim Lee) constitute clear and specific evidence that Plaintiff's request for

declaratory relief is warranted by law and can be satisfied by a trial court simply making a final determination as to whether Plaintiff, Avanti By Avanti, possessed a repair contract with Defendant Tedder in the state of Texas. It is important to remember that Tedder, herself, has created confusion in Texas since the sale of the ring and many of the subsequent repairs to it were handled in Georgia by a different business entity. (Declaration of Tim Lee).

"A declaratory judgment is appropriate if (1) a justiciable controversy exists, (2) and the controversy will be resolve by the declaration sought." Cosmopolitan Condo. Owners Ass'n v. Class A Inv'rs Post OAK, LP, No. 01-16-00769-CV, 2017 Tex. App. LEXIS 3834 * 11 (App. Apr. 27, 2017) (citing See id.; Tex. Dep't of Pub. Safety v. Moore, 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.) (citing Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995)). Plaintiff's request for relief satisfies these requirements, since there is a controversy over whether Avanti By Avanti is even a correct party to this case—or whether the Texas firm even had an active contract with Defendant. On this issue, a court of jurisdiction can in fact provide definitive relief.

In support of her TCPA dismissal motion, Tedder raises communications that were exchanged during the process of settlement discussions pursuant to Rule 408 in which the parties—who were clearly in disagreement as to the liabilities, parties, and issues involved—attempted to settle certain matters amicably. Prior to these communications, both parties possessed affirmative rights and constitutional protections to pursue any legal remedies, defenses, and lawsuits that they deemed necessary to protect their own rights.

For Avanti By Avanti, a Texas-based company formed in 2014, these rights include its ability to seek a declaratory judgment under Section 37.001 of the Texas Civil Practices and Remedies Code. And to do so to determine if the Texas company, in fact, formed a valid jewelry

repair contract with Tedder anytime between June 2014 and 2016? Avanti By Avanti also wanted to know whether it had affirmative duties and any liabilities stemming from repair damages that were reportedly discovered on the ring in 2017. This right to seek a declaratory judgment action existed for Avanti By Avanti prior to and after the filing of this lawsuit. Yet, Defendant mistakenly contends that a party who fails to settle in effect loses valid remedies available to them by law and does so just because Defendant Tedder is disappointed that the parties did not settle without litigation. Such an analysis turns the Anti-Slapp Statute into not just a sword, but a shield in which Tedder is attempting to hide deficiencies that Avanti By Avanti attempted to point out in its own request for declaratory judgment, while simultaneously gaming the litigation track in Tedder's favor.

Furthermore, Tedder erroneously claims that Avanti By Avanti's request for declaratory relief is in response to or arises out of Tedder's claim that Avanti By Avanti sold Tedder a ring based on inflated appraisal values in 2012. As Avanti By Avanti has attempted to point out on numerous occasions, the Texas-based entity, Avanti By Avanti, did not sell Tedder a ring in 2012; therefore, Avanti's request for relief does not arise out of that transaction or the controversy in which Tedder claims she is speaking out on as a matter of public concern. If the Defendant had provided more clarity, it would have focused on naming the appropriate corporate entities, as well as their names and locations. (Ex. B, Ex. Affidavit-Tim Lee). This creates a genuine controversy as to whether Avanti By Avanti in Texas is even an appropriate party or a company with a valid contract with the Defendant.

Avanti By Avanti's lawsuit in Dallas County was limited to one particular business entity seeking clarification from the Court on the following issues: 1) Did Avanti By Avanti and Tedder have a valid contract for the repair of a ring any time after June 2014 or in 2016 in Texas?; 2) And

what duties and liabilities in terms of damages did Avanti By Avanti avail itself to if the company is found to be the cause of any damage documented by a gemologist hired by American International Group. (Ex. D). The lawsuit filed by this Plaintiff in Dallas County does not relate to or arise out of Tedder's alleged dispute over the appraisal value of the ring at the time of its sale. In fact, if Tedder had exercised more due diligence, she would have noted that the ring was in fact sold by "By Avanti", a business entity based in Georgia, not by Avanti by Avanti in Texas. (Ex. B, Aff'd-Tim Lee).

In addition, numerous re-settings of the ring took place prior to the formation of Avanti By Avanti in Texas (Affidavit-Tim Lee). As a result, the Texas-based retailer filed its request for declaratory relief to ascertain what alleged repair caused the reported damages claimed by Tedder in her email (Ex. C), and what contract, if any, is in dispute in the state of Texas. Without certainty on these issues, Avanti By Avanti has a definitive right to seek clarification on its legal duties, rights, and obligations.

Given the fact that Avanti By Avanti is not the business entity that sold the ring in 2012; and it's still unknown what repairs from what year caused the reported damage, it is misleading for Tedder to suggest that Avanti's attempt to seek clarification from the district court arises out of claims or complaints that Tedder asserted against the ring's seller—especially since the ring's reported seller is another business entity that operated out of Georgia and is not the Plaintiff, Avanti By Avanti. (Ex. B, Ex. E).

For the foregoing reasons, Tedder has failed to satisfy by a preponderance of the evidence that the declaratory judgment action filed by Avanti By Avanti arose out of speech regarding matters of public concern. Even if Tedder had met this burden, Plaintiff has produced clear and convincing evidence supporting her prima facie case for obtaining a declaratory judgment. Tedder

also erroneously claims that the petition filed by Avanti By Avanti relates directly to her complaint of an inflated appraisal value during the time of the ring's 2012 purchase. Yet, Plaintiff Avanti By Avanti was not active company as a company at the time of the sale. (Ex. A). Furthermore, many of the ring's repairs were handled by a Georgia-based entity prior to 2016. (Ex. Aff'd - Tim Lee).

Therefore, Avanti By Avanti is rightly confused as to whether any of the claims are based on duties that the Texas-based company owed to Tedder.  Avanti's declaratory judgment action is merely an attempt for this Texas firm to obtain clarification from the Court on its own contractual duties, if any, pursuant to Section 37.002.

Since Avanti By Avanti was not the seller of the ring, and it remains unknown what alleged contract for repairs is in question, the Texas company has an affirmative right to seek relief just to discover the scope of its own contractual duties and obligations.

## CONCLUSION AND PRAYER

The Defendant, Amy Tedder, continues to miss the mark as to what business entities are reportedly involved in the above-described controversies and has erroneously determined that a party that is possibly not subject to the ongoing dispute is barred under the Anti-SLAPP Statute for seeking a declaration in relation to the parties' various rights and legal obligations in Texas.

Barring the fact that there is no precedent in Texas to allow TCPA dismissals in federal court, all other points raised by Plaintiff in this Motion are effectively moot and rendered unnecessary.

Notwithstanding the need for an automatic denial of Defendant's Motion, Plaintiff Avanti By Avanti has shown that Tedder failed to meet each element of obtaining a TCPA dismissal, and Plaintiff by clear and specific evidence established a prima facie case for why a declaratory judgment on Plaintiff's duties and rights is justified.

Unless this Court were to establish precedential case law, or contradict appellate court decisions not to include Declaratory Judgments under the TCPA, there is no basis in law to grant Defendant Tedder's Motion to Dismiss, Request for Sanctions, Court Costs, and attorney's fees.

Plaintiff, therefore, prays the Court denies Defendant's Motion to Dismiss under the TCPA in its entirety.  Plaintiff further prays that because Defendant's TCPA Motion is unsupported by the applicable law, makes arguments that have been rejected by clear and unambiguous Texas decisions, and attempts to persuade the court by citing to clearly distinguishable and irrelevant cases, the Court should find that Defendant's TCPA Motions are frivolous or solely intended for delay, and award Plaintiff its reasonable attorneys' fees and court costs pursuant to Texas Civil Practice and Remedies Code § 27.009(b).

/s/William Chu
William Chu
Texas State Bar No. 04241000
Law Offices of William Chu
4455 LBJ Freeway, Suite 1008
Dallas, Texas 75244
Telephone: (972) 392-9888
Facsimile: (972) 392-9889
wmchulaw@aol.com
Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 9, 2018, I filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to all counsel of record.

/s/William Chu
William Chu
